UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED FELEKI MARTINEZ,

Plaintiff,

v.

HEATH, *et al*.,

Defendants.

Case No.  2:24-cv-0516-DJC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendants violated his Eighth Amendment rights when defendant Jones and two unnamed officers assaulted him in August 2023 and defendant Heath failed to intervene and protect him.  ECF No. 1 at 4-6. Defendants have moved for summary judgment, ECF No. 43, arguing that plaintiff's claims are barred by the favorable termination rule.  Plaintiff has filed an opposition, ECF No. 55, and defendants have filed a reply, ECF No. 57.  After review of the record, I recommend that defendants' motion be granted.

Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

1

only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than

the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence."  *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Analysis

Plaintiff alleges that, on August 5, 2023, he was assaulted by defendant Jones and two other, unnamed officers after he covered the windows of his cell.  ECF No. 1 at 4.  He claims that he begged defendant Heath, a correctional sergeant, to intervene during the assault, but that Heath failed to do so.  *Id.* at 5-6.  Defendants argue that these Eighth Amendment claims are barred by the favorable termination rule.  This rule holds that, where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must first establish that the underlying sentence or conviction has already been invalidated on appeal, by a habeas petition, or terminated in his favor via some other similar proceeding.  *Heck v. Humphrey*, 512 U.S. 487-88 (1994).  The rule applies to prison disciplinary proceedings that result in the loss of good-time or behavioral credits.  *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).  Here, in connection with the use of force incident at issue, plaintiff was convicted of a rules violation report ("RVR") for battery on a peace officer and assessed a loss of behavioral credits.  ECF No. 43-3 at 25-27.  In that RVR, it is alleged that plaintiff refused

commands to uncover his cell window, and, when officers entered the cell, he struck at the officers while refusing commands to "get down." *Id.* at 25. The RVR directly contradicts plaintiff's own allegations that defendants used force when he was not a threat. ECF No. 1 at 5. According to the RVR, plaintiff resisted during the entire use of force, refusing officers' orders to move his arm from beneath his body and to submit to restraints, and thrashing to prevent them from gaining control. ECF No. 43-3 at 25. Once plaintiff was restrained, all use of force ceased. *Id.*

Based on the foregoing, I find that the favorable termination rule applies. If plaintiff's claims are true, they necessarily imply the invalidity of disciplinary proceeding (that has not been reversed or expunged). *See Alexander v. Munguia*, No. 2:21-cv-01390-KJM-CKD (P), 2023 U.S. Dist. LEXIS 158585, at * 17 (E.D. Cal. Sept. 7, 2023) ("If the allegations in the amended complaint are accepted as true, then plaintiff cannot be guilty of assault on a peace officer rendering his disciplinary conviction invalid."); *Burton v. Chenoweth*, No. 14-cv-2331-KJN-P, 2015 U.S. Dist. LEXIS 161785, at * 8 (E.D. Cal. Dec. 2, 2015) (finding that the plaintiff's claim was Heck barred where the "[p]laintiff's disciplinary conviction and his excessive force claim arise from the same incident, and the two versions of events are entirely inconsistent with one another"). Plaintiff's opposition does not compel a contrary finding. Therein, he argues that the RVR he was convicted of was "fabricated," and alludes to procedural deficiencies with the hearing at which he was convicted. ECF No. 55 at 3. He explicitly states that he is offering evidence to "negate and invalidate" the guilty finding. *Id.* at 22. As defendants point out, this relitigation is exactly what the favorable termination rule is intended to prevent.

Accordingly, I RECOMMEND that defendants' motion for summary judgment, ECF No. 43, be GRANTED and judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    April 30, 2026                                        _____
                                                               JEREMY D. PETERSON
                                                               UNITED STATES MAGISTRATE JUDGE